[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2426

WALLACE INTERNATIONAL DE PUERTO RICO, INC.,
and INTERNATIONAL SILVER DE PUERTO RICO, INC.,

Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

ON PETITION FOR REVIEW
AND CROSS-APPLICATION FOR ENFORCEMENT
OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

Before

Boudin, Circuit Judge,

Schwarzer, Senior District Judge,

and Saris, District Judge.

Yldefonso Lopez with whom Ariadna Alvarez, McConnell Valdes,
Charles S. Fax and Shapiro & Olander were on brief for petitioners.
John D. Burgoyne, Assistant General Counsel, with whom
Frederick L. Feinstein, Acting General Counsel, Linda Sher,
Associate General Counsel, and Aileen A. Armstrong, Deputy
Associate General Counsel, were on brief for respondent.

June 10, 1998

Per Curiam. Wallace International de Puerto Rico, Inc.,
and International Silver de Puerto Rico, Inc. (together "Wallace")
petition for review of an order of the National Labor Relations
Board. That NLRB order, upholding a decision of an administrative
law judge, determined that Wallace fired an employee because of his
union activity in violation of 29 U.S.C. 158(a)(1), (3) (1994). 
We affirm the NLRB's decision as we find it to be supported by
substantial evidence in the record, and therefore grant the NLRB's
cross-application for the order's enforcement. See McGaw of P.R.,
Inc. v. NLRB, 135 F.3d 1, 7 (1st Cir. 1997).
The record supports the NLRB's decision that Wallace was
hostile to union activity, and particularly to that of the employee
in question, Eddie Hernandez. The administrative law judge
credited testimony that a supervisor had stated that he had
instructions to "watch" Hernandez because of his pro-union efforts.
Unlike other problem employees who were suspended from
work after repeated warnings, Hernandez was never suspended, but
instead was fired after receiving several warnings concerning his
conduct. Even if Hernandez' disciplinary record was arguably
somewhat worse than that of other employees, his infractions were
not met with progressive disciplinary measures applied to others.
The offense that supposedly precipitated Hernandez' discharge was
an admittedly minor infraction (spending too long in the bathroom). 
Wallace offered no evidence that any other employee had been fired
for insubordinate conduct and no general standards explaining the
level of misconduct that could result in a discharge.
Under all the circumstances, and giving due deference to
the expertise of the administrative law judge and the NLRB, 29
U.S.C. 160(e), we believe there is substantial evidence
supporting the NLRB's finding that Hernandez' firing was motivated
at least in part by his union activities and was not simply "for
cause." Similarly, we uphold the NLRB's finding that Wallace has
failed to show that it would have discharged Hernandez for his
misconduct alone. See NLRB v. Transportation Management Corp., 462
U.S. 393, 395 (1983).
Hernandez was by no means a model worker. Should he
return to work, he is subject to discipline for any future
misconduct on the same basis as other employees so long as the
discipline is occasioned by misconduct and not by union-related
activity.
The petition for review is denied and the NLRB's order is
hereby enforced.